# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JEFFREY WILSON | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 11-2212 |
| THOMAS WALKER, ET AL. | : | |

**Diamond, J.** May 17, 2011

## MEMORANDUM OPINION

Plaintiff has moved to remand this personal injury action to state court, arguing that it does not meet the $75,000 federal jurisdictional threshold because, as stated in his Complaint, he seeks damages of less than $50,000. *(Doc. No. 4.)* Because state law allows Plaintiff to recover more than $50,000, however, and because the record shows that Plaintiff's damages could well exceed $75,000, I conclude that the "amount in controversy" meets the jurisdictional threshold. Accordingly, I will deny Plaintiff's Motion to Remand.

### I. BACKGROUND

Plaintiff Jeffrey Wilson (a Delaware citizen) initiated this action on September 7, 2010 in the Philadelphia Common Pleas Court, alleging that on October 31, 2008, Defendant Thomas Walker (a New Jersey citizen), acting in the course of his employment with Defendant FedEx Custom Critical, Inc. (an Ohio citizen), negligently drove into Plaintiff's vehicle. *(Doc. No. 1, Ex. A, ¶4-5.)* The accident resulted in Plaintiff's inability to work and required a host of significant medical treatments. *(Id., ¶¶ 6-8.)*

Plaintiff demanded judgment "in a sum not in excess of fifty thousand ($50,000.00) dollars." *(Id. at 7.)* In accordance with Pennsylvania law, the matter was thus subject to compulsory arbitration. See 42 Pa. Const. Stat. Ann. § 7361 (referring matters to compulsory

1

arbitration unless "the amount in controversy, exclusive of interest and costs, exceeds $50,000"). Pennsylvania law also provides that after arbitration either side may seek a *de novo* trial in Common Pleas Court. § 7361(d).

On March 25, 2011, after learning through discovery that Plaintiff's damages could easily exceed $75,000, Defendants removed to this Court, invoking diversity jurisdiction. See 28 U.S.C. §§ 1332; 1446(b). *(Doc. No. 1.)* In his Interrogatory Answers, Plaintiff stated that at the time of the accident, he owned a franchise, Affordable Dentures. His accident-related injuries prevented him from performing complex dental procedures for five months. *(Doc. No. 1, Ex. C.)* As a result, Plaintiff's accounts receivable dropped by 50% during that period. *(Doc. No. 1, Ex. D.)* The low receivables caused Plaintiff to lose his franchise. *(Doc. No. 1, Ex. D.)* Plaintiff's tax returns and W-2 forms (produced in discovery) show that his income dropped from $127,211.51 to $25,120.79 during the period he was out of work due to his injuries. *(Doc. No. 1, Ex. E.)* In removing, Defendants concluded that this evidence showed that the amount in controversy exceeded $75,000.

## II.     LEGAL STANDARDS

Federal courts have subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An action brought in state court may be removed to the federal district where the action is pending if the district court would have original jurisdiction over the matter. 28 U.S.C. § 1441. "[A] notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). Evidence received in discovery qualifies as "other paper" under § 1446(b). See, e.g., Judge v. Phila.

Premium Outlets, No. 10-1553, 2010 WL 2376122, at *4 (E.D. Pa. June 8, 2010) (collecting cases deeming discovery materials "other paper"); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996) ("[A] transcript of the deposition testimony is 'other paper.'"); see also 14C Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure § 3731 (4th ed. 2009) ("The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope.").

The amount in controversy is generally decided from the face of the complaint. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993). The plaintiff is the "'master of the case' and 'may limit his claims . . . to keep the amount in controversy below the [jurisdictional] threshold.'" Morgan v. Gray, 471 F.3d 469, 474 (3d Cir. 2006) (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005)). The Third Circuit has cautioned, however, that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." Morgan, 471 F.3d at 477; see also De Aguilar v. Boeing, Co., 47 F.3d 1404, 1410 (5th Cir. 1995) (noting "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading"). To prevent such abuse, the Third Circuit has established criteria for determining the amount in controversy when a plaintiff seeks to limit damages below the jurisdictional threshold:

> 1) The party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold; 2) A plaintiff, if permitted by state laws, may limit her monetary claims to avoid the amount in controversy threshold; and 3) Even if a plaintiff states that her claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of

> whether the plaintiff states that the demands do not. *Key to the present matter is that the plaintiff's pleadings are not dispositive under the legal certainty test. This Court's task is to examine not just the dollar figure offered by the plaintiff but also her actual legal claims.*

Morgan, 471 F.3d at 474-75 (emphasis added); see Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004) (setting forth the legal certainty test); see also De Aguilar, 47 F.3d at 1410 ("[W]e hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

### III. ANALYSIS

Plaintiff argues that his Complaint's *ad damnum* clause—in which he limits his demand to "a sum not in excess of fifty thousand ($50,000.00) dollars"—controls the amount-in-controversy calculation here. *(Doc. No. 4 at 14.)* He relies primarily on post-Morgan decisions that a plaintiff's damages limitation below the jurisdictional threshold "would be given effect by Pennsylvania law and so allow the plaintiff 'to avoid the amount in controversy threshold' for federal diversity jurisdiction." *(Doc. No. 4 at 18)*; see Rutherford v. Progressive N. Ins. Co., 08-4850, 2008 WL 5157494 (E.D. Pa. Dec. 8, 2008); Espinosa v. Allstate Ins. Co., No. 07-0746, 2007 WL 1181020 (E.D. Pa. Apr. 16, 2007).

Defendants argue that the *ad damnum* clause is not dispositive, and that "[t]he court must make an independent appraisal of the claim and 'after a generous reading of the complaint, arrive at the reasonable value of the rights being litigated.'" *(Doc. No. 6 at 9 (quoting Johnson v. COSTCO Wholesale, No. 99-3576 (E.D. Pa. Sept. 22, 1999.).)* I agree with Defendants.

The Morgan Court held that the *ad damnum* clause is not conclusive as to amount in controversy. 471 F.3d at 474-75 ("[The district court] must look to see if the plaintiff's actual

4

monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not."); see also Valley v. State Farm Fire and Casualty Co., 504 F. Supp. 2d 1, 6 (E.D. Pa. 2006) (declining to remand even though plaintiff sought only $50,000 in damages). Generally, *ad damnum* clauses do not limit the amounts recoverable in state court. See De Aguilar v. Boeing, Co., 47 F.3d 1404, 1410 (5th Cir. 1995) ("The majority of states now . . . have followed the example of Fed. R. Civ. P. 54(c) and do not limit damage awards to the amount specified in the *ad damnum* clause of the state pleading.").

A number of this Court's decisions suggest that Section 7361—the statute compelling arbitration of matters in which claimed damages are $50,000 or less—"caps the total amount of damages recoverable in the arbitration at $50,000." Howard v. Allstate Ins. Co., 06-4017, 2006 WL 2818479, at *1 (E.D. Pa. Sept. 28, 2006); see also Espinosa, 2007 WL 1181020, at *3; Gottehrer v. State Farm Ins. Cos., No. 96-1663, 1996 WL 210808, at *1 (E.D. Pa. Apr. 30, 1996 (same). Yet, the statute itself nowhere explicitly limits the damages the plaintiff may ultimately recover. Although Section 7361 compels arbitration unless the "amount in controversy" is over $50,000, Pennsylvania courts have not construed that statute as creating a $50,000 damages cap. On the contrary, they have held that in any *de novo* trial after arbitration, the plaintiff may seek more than $50,000 in damages. See, e.g., Vanden-Brand v. Port Authority of Allegheny County, 936 A.2d 581, 584 (Pa. Cmwlth. 2007) (appeals from arbitration awards are conducted "without conditions placed upon the trier of fact with respect to assessing damages according to arbitration limits"). Pennsylvania courts thus view Section 7361 as creating a jurisdictional trigger compelling arbitration, not a substantive recovery limit. See, e.g., Robert Half Int'l, Inc. v. Marlton Techs., Inc., 902 A.2d 519, 529 (Pa. Super. 2006) ("[The compulsory arbitration statute] makes clear the monetary limits of compulsory arbitration are jurisdictional." (citing 42 Pa.

5

C.S.A. § 7361)); Flynn, 674 A.2d 1099, 1105 (Pa. Super. 1996) (by demanding in his complaint over $50,000 in damages, plaintiff created a jurisdictional deficiency respecting compulsory arbitration).

Members of this Court have held that under Morgan's "legal certainty" test, the availability of a higher recovery on *de novo* appeal does not alter the federal amount-in-controversy calculus. Di Filippo v. Southland Corp., No. 94-2650, 1994 WL 273310, at *2 (E.D. Pa. June 21, 1994) ("[T]he theoretical possibility that plaintiff could possibly recover an amount in excess of $50,000 on appeal [is] too remote to confer jurisdiction upon this court."); see also D'Achino v. GNOC Corp., No. 05-4380, 2005 WL 3307086, at *2 (E.D. Pa. Dec. 5, 2005) (citing Di Filippo, 1994 WL 273310, *2). I do not agree.

Although the Morgan Court reiterated the "legal certainty" test set out in Samuel-Bassett, the Court did not hold that a plaintiff's invocation of Section 7361's $50,000 limit is alone dispositive of the amount-in-controversy question. Morgan, 471 F.3d at 474. Indeed the Court held just the opposite. 471 F.3d at 474-75 ("[The district court] must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not.").

Because state law allows Plaintiff to recover damages exceeding $50,000 in a *de novo* appeal from arbitration, then the amount he sought in the *ad damnum* clause obviously is not dispositive. Accordingly, I must look to other evidence. As the Third Circuit has directed, I must remand only if, after examining that evidence, I conclude that Defendants have not met their burden "to prove to a legal certainty that the complaint exceeds the statutory amount in controversy requirement." Morgan, 471 F.3d at 475 (3d Cir. 2006).

Applying the legal certainty test here, it is apparent that remand is not appropriate. According to Plaintiff's discovery responses, his accident-related injuries caused his income to decrease by approximately $100,000 in 2009, and also caused him to lose his business. *(Doc. No. 1, Exs. D, E.)* He represents that he has been "compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries." *(Doc. No. 1, Ex. A, ¶8.)* Under Pennsylvania law, Plaintiff may seek to recover damages for all these losses and injuries. See Donlin v. J.J. Newberry Co., 466 A.2d 174, 316 (Pa. Super. 1983) (loss of earnings potential recoverable in personal injury action); Kashner v. Geisinger Clinic, 638 A.2d 980, 983 (Pa. Super. 1994) ("It is well-settled that a plaintiff in a personal injury action seeking damages for the cost of medical services provided to him as a result of a tortfeasor's wrongdoing is entitled to recover the reasonable value of those medical services.").

Morgan obligates me "to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff states that the demands do not." 471 F.3d at 474-75. At this early stage, I obviously cannot determine what damages Plaintiff will ultimately recover. By presenting Plaintiff's discovery responses, however, Defendants have shown to a "legal certainty" that the amount in controversy exceeds $75,000. Samuel-Bassett, 357 F.3d at 398 (3d Cir. 2004). Accordingly, I will deny Plaintiff's Motion to Remand.

An appropriate Order follows.

                                            */s/ Paul S. Diamond*

                                            _____
                                            **Paul S. Diamond, J.**